IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES W. BORING and ANGELA BORING, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Civil Action No. 08-1574<br>) |
| CABELA'S, INC., | )<br>) |
| Defendant and<br>Third-party pltf., | )<br>)<br>) |
| vs. | )<br>) |
| BBK ENTERPRISES, INC., and<br>BBK HUNTING SYSTEMS, | )<br>)<br>) |
| Third-party defts. | ) |

MEMORANDUM OPINION

BLOCH, District J.

Presently before the Court are Defendant Cabela's, Inc.'s Motion for Summary Judgment (Doc. No. 48) and Third-Party Defendants', BBK Enterprises, Inc., and BBK Hunting Systems, Ltd., Motion for Summary Judgment (Doc. No. 50). For the reasons set forth below, these motions are denied.

I.     **BACKGROUND**

This is a negligence/products liability case, over which this Court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

As set forth in the complaint, Plaintiffs, who are husband and wife, allege that, on or about November 27, 2006, Plaintiff-Husband was using a "Rivers' Edge" tree stand that was designed, manufactured, sold and supplied by Defendants. As Plaintiff-Husband was descending the ladder of the stand, it bent in half, and he fell to the ground.

Plaintiff-Husband allegedly suffered serious injuries, including broken bones and significant soft tissue trauma. As a result, Plaintiff has allegedly suffered great pain, suffering, mental anguish and embarrassment and has undergone extensive medical procedures and surgeries. Plaintiff-Wife alleges that she suffered damages due to a loss of consortium.

Based upon the above, Plaintiffs allege that Defendants were negligent in the manufacture, design, marketing, sale, and distribution of the tree stand (Count I), that Defendants are strictly liable to Plaintiffs for their injuries sustained by the tree stand (Count II), that Defendants breached the expressed and implied warranties of merchantability and fitness

for a particular purpose (Count III), and that Defendants are liable for Plaintiff-Wife's loss of consortium (Count IV).

On June 4, 2009, the Court granted Plaintiffs' oral motion to dismiss two of the Defendants, River's Edge Tree Stands, Inc., and Ardisam, Inc. See Doc. No. 21. On August 11, 2009, another Defendant, Tahsin Industrial Corporation, was voluntarily dismissed from this action. See Doc. No. 26.

On July 2, 2009, Defendant, Cabela's, Inc., filed a Third-Party Complaint against BBK Hunting Systems, Ltd., and BBK Enterprises, Inc., alleging that these entities are solely liable for any injuries that Plaintiffs suffered, as alleged in the original complaint, because the Third-Party Defendants designed, manufactured and/or distributed the tree stand that Plaintiff-Husband was using or that, in the alternative, Cabela's is entitled to contribution or indemnification from the Third-Party Defendants if it were found to be liable to Plaintiffs.

## II.     FACTUAL BACKGROUND

The record as read in the light most favorable to Plaintiffs, Charles W. Boring and Angela Boring, and Third-Party Plaintiff, Cabela's, Inc., establishes the following background.

In or about August 2005, Plaintiff-Husband purchased a tree stand at a Cabela's store in Wheeling, West Virginia. This tree

stand was designed and manufactured by BBK Hunting Systems, Ltd., which is a successor entity to BBK Enterprises, Inc. BBK Enterprises, Inc., supplied this tree stand to Cabela's, Inc. Plaintiff-Husband did not receive a ratchet strap, stabilizer straps, a safety harness, a tree brace rope, a safety video or written instructions. Plaintiff-Husband then used the tree stand approximately ten times without incident. On November 26, 2006, Plaintiff-Husband assembled the ladder tree stand and erected it against a tree. While he was descending the ladder the next day, the ladder stand bent backwards, and he fell to the ground. Plaintiff suffered a displaced ankle fracture, distal fibula fracture, dislocation of the left ankle, and bruises, as well psychological injury.

In the opinion of Al Vangura, Jr., the tree stand did not contain an adequate stabilization mechanism for descent of the ladder and did not contain adequate warnings regarding the potential for ladder collapse.

### III. APPLICABLE LEGAL STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original). The summary judgment standard requires the issue to be genuine, that is, one where a reasonable jury, based on the evidence presented, could return a verdict for the non-moving party with regard to that issue. See id. at 248. In addition, the disputed fact must be material, meaning it might affect the outcome under the substantive law. See Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998).

When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the witnesses' credibility. See id. The movant has the burden of demonstrating the absence of a genuine issue of material fact, while the non-movant must establish the existence of each element for which it bears the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant has pointed to sufficient evidence

of record to demonstrate that no genuine issues of fact remain, the burden is on the non-movant to search the record and detail the material controverting the movant's position. See Schulz v. Celotex Corp., 942 F.2d 204, 210 (3d Cir. 1991). Rule 56 requires the non-moving party to go beyond the pleadings and show, through the evidence of record, that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

**IV. DISCUSSION**

Cabela's argues that it is entitled to summary judgment because Plaintiffs failed to preserve all of the components of the tree stand at issue, that it "did not sell any 15' Ladder Tree Stand during 2004 or 2005" and that Plaintiffs' expert report does not meet Rule 702's requirements.

The Third-Party Defendants argue that BBK Hunting Systems, Ltd., is entitled to summary judgment because it did not design, manufacture or sell the tree stand at issue. In addition, even though neither Third-Party Defendant is named as a defendant in Plaintiffs' complaint, they ask that "the Court should dismiss Plaintiffs' claims against the

defendants" because Plaintiff-Husband was illegally hunting on private property when he was injured.[1]

Under the Federal Rules of Evidence, a trial court must evaluate evidence for admissibility before considering that evidence in deciding a motion for summary judgment. See Fed.R.Evid. 104(a). The proponent of the evidence has the burden of proving by a preponderance of the evidence that it is admissible. Bourjaily v. United States, 483 U.S. 171, 175 (1987). Admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which states in part:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon facts and data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the fact of the case.

---

[1] The Court finds this argument to be frivolous because there is no connection between Plaintiff-Husband's alleged trespassing and the causation of his injury. Contra Alexander v. Synthatron, 10 Pa. D&C.4th 584 (Bucks Cnty. 1991).

Fed.R.Evid. 702. Under Rule 702, the trial court acts as a gatekeeper, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993). This gatekeeping function applies to scientific testimony as well as expert testimony based on technical or other specialized knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).

Plaintiffs' liability expert, Al Vangura, Jr., concluded, in a report dated March 3, 2010, that Cabela's and BBK failed to provide adequate stabilization equipment for the tree stand, thereby causing Plaintiff's injuries. Defendants seek to exclude this testimony under Federal Rule of Evidence 702, arguing that it is not based upon sufficient facts.

In assessing the reliability of a proffered expert's testimony, a trial court must focus not on the substance of the expert's conclusions, but on whether those conclusions were generated by a reliable methodology. Daubert, 509 U.S. at 590. To assist district courts in determining whether an expert opinion is reliable, the Third Circuit has set forth a number of non-exclusive factors that may be considered: (1) whether the expert's technique or theory can be or has been tested; (2)

8

whether the conclusions have been published and subjected to peer review; (3) the potential or known error rate; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the expert's conclusions have gained general acceptance in the relevant scientific community; (6) the relationship of the technique to methods that have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put. Pineda v. Ford Motor Co., 520 F.3d 237, 247-48 (3d Cir. 2008). These factors are not a "definite checklist or test"; instead, this reliability test is "a flexible one," where the court "may consider one or more" of the factors, depending on the facts of the particular case. Kumho Tire, 526 U.S. at 150. Because Vangura is an engineer and his testimony is more "technical" than "scientific," the Court has great discretion in determining how to assess its reliability. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 151-52 (1999). The fact that Vangura is qualified to render such an opinion argues in favor of finding his opinions to be sufficiently reliable. See In re TMI Litig., 193 F.3d at 664-65.

Any shortcomings in Vangura's opinions that Cabela's may have identified go to the credibility and weight of those

9

opinions, not to their admissibility. Ultimately, Cabela's takes issue with Vangura's conclusions, not with his methodology. Where an expert's underlying methodology is reliable, defects in the conclusion go to the weight of the evidence and should be explored on cross-examination. Daubert, 509 U.S. at 598. The Court is satisfied that Vangura used a reliable methodology in formulating his opinions about any defect in the tree stand.

Cabela's other arguments are also without merit. Cabela's spoliation argument fails because the facts viewed in the light most favorable to Plaintiffs establish that they never received the items Cabela's argues they failed to preserve. Furthermore, there is a genuine issue of material fact concerning whether Plaintiff-Husband purchased the tree stand at issue from Cabela's in August 2005.

With regard to the Third-Party Defendants' motion, there is a legally sufficient factual dispute concerning the role of the Third-Party Defendants in the design, manufacture and distribution of the tree stand that Plaintiff-Husband purchased from Cabela's in August 2005 and was using on November 27, 2006.

## V. **CONCLUSION**

Based on the foregoing, the motions for summary judgment are denied.

An appropriate Order will be issued.

                                          <u>s/Alan N. Bloch</u>
                                          United States District Judge

Date:      January 6, 2011

ecf:       Counsel of record